UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELLA A.,<br><br>                              Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant. | Case No.:  20CV1544-BLM<br><br>**ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**<br><br>**[ECF No. 37]** |

Currently before the Court is Plaintiff's September 3, 2025, Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [ECF No. 37 ("Motion")] and Defendant's September 24, 2025, response [ECF No.43 ("Response")]. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

On August 10, 2020, Plaintiff filed a complaint in this matter seeking judicial review of the denial of her application for "Social Security Disability Insurance Benefits and Supplemental Security Income benefits for lack of disability." ECF No. 1.

On September 3, 2021, the Court issued an Order Granting Plaintiff's Motion for Summary Judgment, Denying Defendant's Cross Motion for Summary Judgment, and Remanding for

1  Further Proceedings.  ECF No. 30.

2      On November 23, 2021, Plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. ECF No. 31. On February 15, 2022, the Court awarded attorney's fees pursuant to the Equal Access to Justice Act in the amount of $11,502.35. ECF No. 35; see ECF No. 33. On remand, Plaintiff prevailed and the Commissioner awarded Plaintiff $87,716.00 in past due benefits. Attorney's Affirmation and Memorandum in Support ("Memo"), ECF 37-1, at 2.

    On September 3, 2025, Plaintiff filed a Motion for Attorney's Fees Pursuant to the Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b) ("Motion"), requesting the Court to award attorney's fees in the amount of $13,765.75. ECF Nos. 37, 37-1. On September 24, 2025, Defendant filed a Response to Motion for Attorney's Fees Under 42 U.S.C. § 406(b) ("Response"), "neither support[ing] nor oppos[ing] Counsel's request for attorney's fees under 42 U.S.C. § 406(b)." ECF No. 43.

**PLAINTIFF'S POSITION**

    Plaintiff seeks an order from the Court awarding attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $13,765.75 with a credit to Plaintiff for the EAJA fees previously paid in the amount of $11,502.35. Memo, at 2.  Plaintiff's counsel argues that the $13,765.75 request is reasonable in light of the work performed and the results achieved.  Id. at 2–3. Plaintiff's attorneys and paralegals spent 59 hours working on the case before the Court. Id. at 3.  Plaintiff's counsel notes that she seeks $13,765.75, which is well below the permissible fee of 25% of the awarded past due benefits.  See Id. at 2.

**DEFENDANT'S POSITION**

    Defendant states in his response to Plaintiff's Motion that he "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)."  Response, at 2–3.  Defendant notes that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." Id. at 2.  Defendant states that in reaching its finding, the Court should consider the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison

to the time expended by counsel. Id. Defendant further notes that "[w]hen an attorney receives fees under both the Equal Access to Justice Act and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant." Id. at 3.

## LEGAL STANDARD

Pursuant to Section 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant, ... the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). When contemplating a fee motion under Section 406(b), the Court must first look to the contingency fee agreement and then test for reasonableness. See Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). To determine reasonableness, the Court may consider "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." Barry H. v. Kijakazi, 2023 WL 5985501, at *1 (S.D. Cal., Sept. 13, 2023) (quoting Avina v. Saul, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021)). The Court should also consider whether inferior representation justifies an award of less than 25% such as "any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case." Bartle v. Kijakazi, 2023 WL 5811845, at *1–2 (S.D. Cal., Sept. 7, 2023) (citing Crawford, 586 F.3d at 1151–52) (citing Gisbrecht, 535 U.S. at 789)).

When an attorney receives EAJA fees and § 406(b) fees for the same work, he or she must refund the smaller award to his or her client. See Gisbrecht, 535 U.S. at 789.

## ANALYSIS

The Court finds that Plaintiff's fee request is reasonable. On July 23, 2020, Plaintiff entered into a fee agreement with counsel wherein she agreed that "the attorney shall charge

and receive as the fee an amount equal to twenty-five percent of the past due benefits awarded to [her] and her family if she won her case." Memo at 2; Fee Agreement, Ex. A to Mot, ECF No. 37-2, at 2. Accordingly, the contingency fee agreement is within the statutory ceiling. See 42 U.S.C. § 406(b)(1)(A). Because there is no evidence of "fraud or overreaching" in the negotiation of the fee agreement and because the fee agreement is within the statutory ceiling, the Court looks to the character of the representation and the results achieved to determine reasonableness. Crawford, 586 F.3d at 1145; see also Gisbrecht, 535 U.S. at 808.

Plaintiff's counsel did not render substandard representation or delay litigation. See Crawford, 586 F.3d at 1151–52. Plaintiff's counsel filed a Merits Brief on May 4, 2021. ECF No. 24. The Court later granted Plaintiff's request to reverse the ALJ's decision and remanded for further proceedings. ECF No. 30. On remand, Plaintiff's counsel achieved a fully favorable decision for Plaintiff, who was granted $87,716.00 in past due benefits. Memo, at 2; Notice of Award, ECF No. 37-3. This is a successful result for Plaintiff that would not have been achieved with a substandard performance by her counsel.

Upon review of the documents submitted, the Court finds that counsel's fee request is reasonable. The Court notes that Plaintiff's counsel and paralegals expended 59 hours on this matter. ECF Nos. 37-4, 37-5, 37-6. Plaintiff's counsel and paralegals' effective hourly rate of $233.32 is on the very low end of the range that has been approved in similar cases, including cases in this district. See Crawford v. Astrue, 586 F.3d 1142, 1153 (9th Cir. 2009) (approving de facto hourly rates of $519, $875, and $902 in 2009); Jenks v. Bisignano, No. 20cv1432-AJB-BLM, 2025 WL 2431796, at *2 (S.D. Cal. Aug. 22, 2025) (approving *de facto* hourly rate of $1,224.37 and noting that although this "rate is on the higher end, it is within the range of hourly rates approved by other courts in the Ninth Circuit"); Lopez v. Bisignano, No. 23cv2140-AHG, 2025 WL 2231247, at *2 (S.D. Cal. Aug. 5, 2025) (approving de facto hourly rate of $761.72); Villalpando v. Kijakazi, No. 22cv0004-AGS, 2025 WL 1677776, at *1 (S.D. Cal. June 12, 2025) (approving de facto rate of $2,535.21 even though it is "high" it is "not grossly outside the norm of what courts often approve."). Plaintiff's counsel and paralegals spent a reasonable amount of time (59 hours) working on this matter to achieve a successful result. Memo at 3.

Plaintiff's counsel has submitted detailed billing statements in support of the requested fee that the Court has reviewed. See ECF Nos. 37-4, 37-5, 37-6. There is nothing in the billing statements showing "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Crawford, 586 F.3d at 1151–52. There also is no evidence or indication that Plaintiff's counsel's work was inferior, that she engaged in dilatory conduct, or that she delayed the proceedings to potentially incur more fees. Accordingly, all of the factors the Court considers support the reasonableness of the requested fee.

In further support of its finding, the Court notes that taking Plaintiff's case on a contingency basis created a substantial risk for Plaintiff's counsel of not recovering any attorney's fees. Plaintiff already had a negative decision from the ALJ when she sought review in this Court. The hourly rate is not high. The amount of the fees requested is less than 16% of the awarded past due benefits, well below the 25 percent statutory cap. Furthermore, counsel achieved excellent results for her client, and Defendant does not object to the request.

## CONCLUSION

Plaintiff's counsel bore the risk of a contingency fee arrangement, successfully got the matter remanded, received an order for retroactive benefits of $87,716.00 for her client, and seeks 16% of the past due benefits. Accordingly, the Court finds that the requested fee is reasonable and **GRANTS** Plaintiff's motion for fees pursuant to 42 U.S.C. § 406(b). The Court awards to Olinsky Law Group fees in the amount of $13,765.75. The Court orders Olinsky Law Group to reimburse Estela Lou Allshouse the amount of $11,502.35 for EAJA fees previously received.

**IT IS SO ORDERED**.

Dated: 10/21/2025

Hon. Barbara L. Major
United States Magistrate Judge